**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 00-4175

RODNEY DEAN CURLEE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-182)

Submitted: July 14, 2000

Decided: August 25, 2000

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, Gregory Davis, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Michael F. Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury found Rodney Dean Curlee guilty of one count of possession with intent to distribute dihydrocodeinone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (1994), and one count of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1) (West 2000). On appeal, Curlee contends that: (1) the district court erred by finding that the police had probable cause to conduct a warrantless search of his vehicle, and (2) the evidence was insufficient to support the convictions. Finding no reversible error, we affirm.

This Court reviews de novo a district court's finding of probable cause. See Ornelas v. United States, 517 U.S. 690, 691 (1996). Police officers may conduct a warrantless search of a vehicle if they have probable cause to believe that the vehicle contains contraband. See California v. Acevedo, 500 U.S. 565, 579-80 (1991). A police officer has probable cause to search when the totality of the facts and circumstances known to the officer would "lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of crime and will be present at the time and place of the search." United States v. Suarez, 906 F.2d 977, 984 (4th Cir. 1990). Our review of the circumstances establishes that the police had probable cause to search Curlee's vehicle.

We review a jury verdict for sufficiency of the evidence by determining whether there is substantial evidence, when viewed in the light most favorable to the government, to support the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942). We must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Upon our review of the record, we conclude that there was substantial evidence to sustain both convictions.

2

We grant Curlee's motion to file a pro se supplemental brief. We find that the issues raised in the pro se supplemental brief are either duplicative of issues raised by counsel on appeal, without merit, or not eligible for appellate review.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED